IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03489-PAB

KERLA BRACOVICH BRACHO,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, in his official capacity, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Kerla Bracovich Bracho's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 7.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Venezuela. Docket No. 1 at 2. On July 17, 2018, petitioner applied for admission to the United States at the Miami International Airport Port of Entry. *Id*. U.S. Customs and Border Protection ("CBP") determined that petitioner was inadmissible and processed her for expedited removal pursuant to 8 U.S.C. § 1225(b)(1). *Id*. On July 18, 2018, the Department of Homeland Security ("DHS") removed petitioner to Venezuela. *Id.* On October 22, 2021, CBP border patrol agents apprehended petitioner at or near Yuma, Arizona shortly after she entered the United States without authorization. *Id*. CBP reinstated its prior order of removal by

[1] The following facts are undisputed unless otherwise noted.

issuing a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, under 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. *Id.* On November 2, 2021, CBP transferred petitioner to Immigration and Customs Enforcement ("ICE") custody to effectuate her removal from the United States. *Id*. On November 3, 2021, ICE released petitioner from custody on an order of release on personal recognizance. *Id*. On June 8, 2025, ICE officers arrested and detained petitioner. *Id*. She is currently detained at the Denver Contract Detention Facility. *Id*. Both before and after her detention, petitioner has been pursuing fear-based relief from removal. *Id.* at 3.

On May 8, 2026, petitioner filed a petition for a writ of habeas corpus in *Bracho v. Blanche*, No. 26-cv-01992-PAB, 2026 WL 1599966 (D. Colo. June 4, 2026). *See* Docket No. 1 at 3. The Court denied the petition without prejudice, noting that, because petitioner has been detained since June 8, 2025, she might have a viable claim pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *Bracho*, 2026 WL 1599966, at *2. However, petitioner did not bring a *Zadvydas* claim in that petition. Petitioner contends that she has "now refiled the present Habeas petition arguing Petitioner's continued detention is unlawful under *Zadvydas v. Davis*." Docket No. 1 at 3.

In their response, respondents "maintain that Petitioner's detention is lawful and do not concede that it is unlawful. But for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition." Docket No. 7 at 1-2.

## II. ANALYSIS

In *Zadvydas*, the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth

Amendment of the United States Constitution. *See Zadvydas*, 533 U.S. at 701. *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* This standard does not require petitioner to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable." *Id.* at 702. Rather, he simply must show that removal is not significantly likely in the reasonably foreseeable future. *Id.* at 701.

Petitioner's detention has exceeded the presumptively reasonable six-month period. *See* Docket No. 1 at 2. Given that petitioner has been detained for over a year without removal and respondents have provided no information regarding their removal efforts, the Court finds that petitioner has satisfied her burden under *Zadvydas*. *See Ahrach v. Baltazar,* No. 25-cv-03195-PAB, 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding that petitioner met her burden where petitioner had been detained for over six months and the only efforts respondents had made to remove petitioner was to solicit acceptances from other countries); *Vargas v. Noem,* 2025 WL 2770679, at *2 (D. Kan. Sept. 29, 2025) ("The Court concludes that petitioner has met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner has now been detained for nearly nine months since his removal order became final on January 4, 2025, well beyond the six-month period sanctioned by the Supreme Court in *Zadvydas*, and officials have still not been able to remove him or even to schedule his removal."). By not submitting a brief in opposition to the petition,

respondents also fail to rebut petitioner's showing as to the likelihood of her removal. Accordingly, the Court will grant the petition.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Kerla Bracovich Bracho's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner Kerla Bracovich Bracho within **48 hours**. It is further

**ORDERED** that the parties shall file a status report within **4 days** of petitioner's release.

DATED August 17, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge